## LEDESMA *v.* ARAUJO.

### APPEAL from the District Court of San Juan.

No. 348.—Decided April 23, 1909.

AGENCY—AGREEMENT OF COMPENSATION.—In this case evidence of an agreement of compensation being lacking, and the plaintiff having testified that his occupation was not that of performing services of the character to which the agency refers, these must be considered gratuitous, in accordance with the provisions of section 1613 of the Civil Code.

CONTRACT OF HIRE—CERTAIN PRICE.—Without a specific price having been agreed on, or without the price of the services being known by custom and frequent use in the place in which such services are rendered, one of the elements which go to make up a contract for the hire of such services is lacking.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. José Martínez Dávila* for respondent.

MR. ACTING CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The District Court of San Juan took cognizance on appeal in an action brought by Salvador Ledesma Taulet against Juan Araujo, for the recovery of a sum of money, initiated by the filing of an amended complaint, which reads as follows:

"The plaintiff, Salvador Ledesma Taulet, through his attorney, José de Guzmán Benítez, appears in the court and with your permission amends the complaint he has filed in the above-entitled case, in the following manner:

"I. That the plaintiff now resides in the city and has capacity to sue and be sued.

"II. That the defendant is also a resident of this city and has capacity to be sued in this municipal district, the court of which has jurisdiction in this case.

"III. That the defendant, Juan Araujo, was awarded the contract for furnishing food to the prisoners in the jail of Arecibo during the fiscal years of 1905 and 1906 to 1907, which food he began to furnish in July 1, 1905.

"IV. That upon obtaining this contract, the successful bidder, now the defendant, Juan Araujo, requested the services of the plaintiff, who was then residing in Arecibo, to represent him in said town in everything pertaining to the duties of such contractor, and on July 7, 1905, he ratified in writing such appointment and representation.

"V. That the plaintiff accepted the appointment and representation and faithfully complied with his duties during the time he held it in accordance with the instructions he received from the defendant, discharging all the functions peculiar to this service.

"VI. That the plaintiff rendered his services to the defendant as such representative in the supplying of food as aforesaid, from July 1, 1905, to April 24, 1907—that is to say, for 22 months—the plaintiff being removed from his position by the defendant on the date last mentioned, the defendant not having had any cause for complaint during that time against the plaintiff on account of any failure of the latter to perform his duties.

"VII. That the defendant did not fix any salary as compensation to the plaintiff, but he agreed that he would compensate him adequately for his work upon the expiration of the contract, and he has not fulfilled his promise.

"VIII. That the plaintiff fixes the price of the services which he has rendered the defendant as alleged at $480, which said defendant has refused to pay.

"IX. That the plaintiff has the right to demand from the defendant payment in the sum of $480 as compensation for his services.

"For the reasons stated, the plaintiff prays the court that after the legal proceedings shall have been had, it sustain this complaint in due time and adjudge the defendant, Juan Araujo, to pay the plaintiff the sum of $480 plus legal interest on said sum from the date of this complaint, and to pay the costs.

"San Juan, P. R., July 30, 1907. José de Guzmán Benítez, Attorney for the Plaintiff."

Juan Araujo, the defendant, in answering the complaint through his attorneys, Sweet, Rossy & Campillo, admitted the first, second and third allegations of the complaint and denied the others, concluding with the prayer that judgment be rendered in his favor, with the costs against the plaintiff.

The trial having been held on September 15 last, the judge of the district court rendered judgment on the 22d of said

month by which, after holding that the facts and the law were in favor of the plaintiff and appellant and against the defendant and respondent, he decreed and ordered that Salvador Ledesma obtain and recover from Juan Araujo the sum of $155.50—that is to say, $8 per month for the time from July 2, 1905, to February 14, 1907—with legal interest from July 12, 1907, when the complaint was filed, and the costs and expenses which may be shown, and that execution issue.

The judgment was entered the day following its rendition, and on October 2 the defendant took an appeal therefrom to this Supreme Court.

The appellant alleges in support of the appeal that an agency contract being involved as it is, which consisted solely in Ledesma representing Araujo as the contractor for the jail of Arecibo, and that the principal did not confer any specific charge whatsoever upon the agent, nor give him any instructions as to what he was to do, the agency should be considered gratuitous because it has not been proved that Araujo offered Ledesma any compensation whatsoever or that Ledesma had as an occupation the rendering of services of the character to which the agency refers, apart from the fact that even though an obligation existed on the part of Araujo to remunerate Ledesma for his services, the latter has not shown that the services he rendered were necessary to permit Araujo to comply with his contract to furnish provisions to the jail of Arecibo, nor how much such services would be worth.

Counsel for the respondent in contesting the appeal, alleges that there was no agency contract, and it may be deduced from his allegations, although he does not affirm it, that there was a contract for the hiring of services; and he adds that even on the hypothesis that there was an agency contract, the appellant was under the obligation of remunerating him, because he had agreed to do so, and because the business of the respondent is that of a business agent.

From the evidence heard at the trial which has come to this court in a statement of facts approved and signed by the

judge, it appears that in a letter addressed, under date of July 7, 1905, to Salvador Ledesma by Juan Araujo, the latter appointed the former his representative in Arecibo to take such steps as his obligations as contractor for furnishing supplies to said jail might require; and although the plaintiff affirms in his complaint that he agreed with the defendant that the latter should adequately remunerate him for his services upon the termination of the contract, and states in his deposition that every time Araujo came to Arecibo he would ask him for his pay, and that Araujo would answer that he should wait until the expiration of the contract, such particulars have not been proved, because Araujo denies in his answer that there was any agreement as to compensation, and in his testimony he alleges that during the years that Ledesma represented him, he had never asked him for any compensation for his services, although later he sent him a letter asking for a salary, which he did not pay him because he owed him nothing.

If it be further considered that Ledesma states in his testimony that while he was representing Arauja in Arecibo, he from time to time told the warden of the jail, José S. Rosello, that Araujo sent him nothing, the warden answering that it would be better for him to receive all at once, which said warden contradicted in stating in his letter of July 13, 1907, to Araujo that Ledesma had never mentioned the matter of salary to him throughout the entire time that he was representing Araujo, we can well arrive at the conclusion that there is no evidence of the fundamental allegation of the complaint consisting in the promise made by Araujo to Ledesma to remunerate him for his work upon the expiration of the contract.

It must also be stated that Ledesma says in his testimony that he had not previously engaged in the kind of services which he had rendered Araujo.

Now then, the allegations of the complaint tend to show the existence of a contract of agency between the plaintiff and the defendant, as defined by section 1611 of the Civil Code, and the evidence presented at the trial shows its existence.

In this case evidence of an agreement of compensation being lacking, as it is, and the plaintiff having testified that his occupation was not that of performing services of the character to which the agency refers, it must be considered gratuitous, in accordance with the provisions of section 1613 of the said Code.

This being the case, the judgment appealed from has manifestly violated the provisions of the section to which we have just made reference.

We believe it unnecessary to enter on an examination of the evidence relating to the services which Salvador Ledesma may have rendered in the jail of Arecibo as the agent of Juan Araujo, because whatever such services may have been, they would not be subject to compensation on account of the lack of an agreement or stipulation to that effect.

But even on the hypothesis that a claim consequent to a contract of hire of service were involved, as the plaintiff does not state the certain price agreed on as the compensation for such services, but confines himself to affirming in his complaint that the defendant only offered to remunerate him adequately for his services upon the termination of the contract, no cause of action in this respect would lie, and in the same sense section 1447 of the Civil Code would have been violated in the judgment appealed from.

Without a specific price having been agreed on or without the price of the services being known by custom and frequent use in the place in which such services are rendered one of the elements which go to make up a contract for the hire of services is lacking.

We have heretofore announced this doctrine in the case of *Dionisia García* v. *Baltasar Cañada,* 11 P. R. Rep., 403, and in that of *Adrain Agosto Abadia* v. *The Judicial Administrator of the Intestate Estate of Elisa Kortwright,* 13 P. R. Rep., 356.

For the reasons stated, we are of the opinion that the judgment appealed from should be reversed and the defendant re-

lieved of any liability, under the complaint, without any special taxation of costs.

*Reversed.*

Justices MacLeary and Wolf concurred.

Mr. Justice Figueras took no part in the decision of this case.